UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JERMAINE P. CROWLEY,<br>Plaintiff | CIVIL ACTION NO. 1:18-CV-431-P;<br>CONSOLIDATED WITH 1:18-CV-487-P |
| VERSUS | JUDGE DEE D. DRELL |
| JEREMY AUSTIN, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a consolidated civil rights action (42 U.S.C. § 1983) filed by pro se Plaintiff Jermaine P. Crowley ("Crowley") (#470132). Crowley was granted leave to proceed *in forma pauperis*. (Doc. 10). Crowley is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Jackson Parish Correctional Center in Jonesboro, Louisiana. He complains about the conditions of his confinement at the Avoyelles Parish Jail in Marksville, Louisiana.

Because Crowley has not stated a viable constitutional claim, his complaint should be dismissed.

I. **Background**

Crowley alleges that officers found synthetic marijuana in his dorm. (Doc. 1, p. 3). Lt. Fontinelle handcuffed Crowley, and Officer Quentin Smith searched and packed Crowley's personal property. (1:18-cv-487; Doc. 11, p. 3). Crowley was ordered to the booking area, where he was searched and placed in a holding cell. (Doc. 1, p. 3). Crowley complains he remained in the holding cell from Friday to Monday

without a bed, running water, or a toilet. (1:18-cv-487; Docs. 1, 11). Crowley alleges his personal hygiene items were thrown away. (Doc. 1, p. 3).

Crowley complains that the security chief, Dewayne Saucier, instructed Booking Officer Gerrod Jacobs to have Crowley use the bathroom on the floor of the holding cell, and to have the officers or trustees clean it in the morning. (1:18-cv-487; Doc. 11, p. 4; Doc. 4-1, p. 2). Crowley alleges that Officer Jacobs asked Bryan Saucier if he could remove Crowley from the cell when Crowley needed to use the bathroom, but Bryan Saucier refused. (1:18-cv-487; Doc. 11, p. 4). The officers gave Crowley a garbage bag to use as a toilet. (1:18-cv-487; Doc. 4, 11).

Crowley was charged with introducing contraband into a penal facility. (1:18-cv-487; Doc. 4).

## II. Law and Analysis

### A. Crowley's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Crowley is a prisoner who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, Crowley's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because Crowley is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

## B. Crowley does not state a claim against Warden Jeremy Austin, Lt. Fontinelle, or Officer Quentin Smith.

Crowley names Warden Austin as a Defendant, but does not present any allegations involving the warden. Supervisory officials may be held liable only if: (1) they affirmatively participated in acts that caused constitutional deprivations; or (2) implemented unconstitutional policies that causally resulted in a plaintiff's injury. Mouille v. City of Live Oak, Texas, 977 F.2d 924, 929 (5th Cir. 1993). Crowley does not allege that Warden Austin was involved in Crowley's placement in the holding cell, nor does Crowley allege that the conditions resulted from any unconstitutional policy implemented by Warden Austin.

To the extent Crowley complains that Lt. Fontinelle or Officer Smith violated his constitutional rights, the claim fails. Crowley alleges that Lt. Fontinelle handcuffed him after contraband was found, and that Officer Smith searched and packed Crowley's property. The actions of Lt. Fontinelle and Officer Smith do not amount to constitutional violations.

If Crowley claims that Officer Smith destroyed his personal hygiene items, his claim should be dismissed. A prisoner's claim for a random or unauthorized deprivation of personal property is not cognizable under § 1983 where the state has an adequate post-deprivation tort remedy. See Parratt v. Taylor, 451 U.S. 527 (1981) (overruled in part on other grounds); Hudson v. Palmer, 468 U.S. 517 (1984). Louisiana provides an adequate post-deprivation remedy for procedural due process claims relating to negligent or intentional property loss claims by inmates. See Gross v. Normand, 576 F. App'x 318, 320 (5th Cir. 2014) (citing Marshall v. Norwood, 741

3

F.2d 761, 763–64 (5th Cir. 1984); La. Civ. Code Ann. art. 2315). Crowley has not shown that the post-deprivation remedy for the loss of his property is inadequate.

### C. Crowley cannot state a constitutional claim against Dewayne Saucier or Bryan Saucier.

There are two requirements that must be met to show that a prison official has violated the Eighth Amendment. The first is an objective requirement necessitating that the inmate allege a sufficiently serious deprivation. See Wilson v. Seiter, 501 U.S. 294 (1991). Only those deprivations denying "the minimal civilized measure of life's necessities" are sufficiently grave to constitute cruel and unusual punishment. Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999).

Second, the prison official must have acted with a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825 (1994); Hall v. Thomas, 190 F.3d 693, 697 (5th Cir. 1999). A prison official's culpable state of mind is one of deliberate indifference, which is defined as knowingly disregarding an excessive risk to inmate health or safety. Id. Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind. See Norton v. Dimazana, 122 F.2d 286, 292 (5th Cir. 1997).

The subjective component need not be examined if the plaintiff does not objectively demonstrate a sufficiently extreme deprivation of any minimal civilized measure of life's necessities. Davis v. Scott, 157 F.3d 1003, 1006 (1998).

There is clearly a point beyond which one's conditions of confinement are so egregious as to render them unconstitutional. See e.g. Gates v. Cook, 376 F.3d 323,

338 (5th Cir. 2004) (confinement in "'extremely filthy' [cells] with crusted fecal matter, urine, dried ejaculate, peeling and chipping paint, and old food particles on the walls" was unconstitutional); Harper v. Showers, 174 F.3d 716 (5th Cir. 1999) (continual conditions of "filthy, sometimes feces-smeared cells" may be unconstitutional). However, the conditions alleged by Crowley do not rise to that level.

The Supreme Court has noted that "the length of confinement cannot be ignored" when evaluating a conditions of confinement claim. Davis, 157 F.3d at 1006 (citing Hutto v. Finney, 437 U.S. 678, 686–87 (1978) (a filthy, overcrowded cell might be tolerable for a few days and intolerably cruel for weeks or months)). Thus, the Fifth Circuit and other circuits have rejected such claims when the length of confinement is of short duration. See Davis, 157 F.3d at 1006 (no constitutional injury when plaintiff was confined in "filthy" cell for three days) (citing Smith v. Copeland, 87 F.3d 265, 269 (8th Cir. 1996) (no Eighth Amendment violation when prisoner was exposed for four days to raw sewage from overflowed toilet in his cell), Shakka v. Smith, 71 F.3d 162, 167–68 (4th Cir. 1995) (no Eighth Amendment injury when prisoner was given water and cleaning supplies but denied a shower for three days after having human excrement thrown on him), and Whitnack v. Douglas County, 16 F.3d 954, 958 (8th Cir. 1994) (noting the intolerable conditions lasted not more than 24 hours and, therefore, no constitutional violation was found)).

In Duvall v. Burns, 6:15-CV-564, 2016 WL 7664308, at *1 (E.D. Tex. Oct. 24, 2016), report and recommendation adopted, 2017 WL 67991 (E.D. Tex. Jan. 6, 2017),

the district court found that, although the plaintiff spent a weekend in a cell where he could not take a shower or flush the toilet, the plaintiff failed to satisfy the objective component required to state a claim upon which relief may be granted. See also Eady v. Head, 04-CV-648, 2006 WL 2663776 (W.D. Tex. September 15, 2006) (going without a shower and being exposed to the foul smell of a backed-up shower for two days did not show deliberate indifference to the plaintiff's basic human needs); Magee v. Crowe, 09-CV-3142, 2010 WL 630011 (E.D. La. February 19, 2010) (placement in isolation cell for 21 days with a hole in the floor for a toilet, which could only be flushed from outside and was flushed only once or twice a day, which backed up into the cell while prisoner was sleeping, and in which prisoner could only shower twice in those 21 days, did not constitute an extreme deprivation).

Although the Fifth Circuit has found a constitutional violation where the conditions were of a shorter duration, the conditions were significantly worse than in Crowley's case. In Palmer v. Johnson, 193 F. 3d 346, 352 (5th Cir. 1999), the court found a constitutional violation where the plaintiff was subjected to overnight outdoor confinement with 48 other inmates "without shelter, protective clothing, or acceptable means to dispose of his bodily waste." The inmates were in an area measuring 25 feet by 30 feet with exposure to cold overnight temperatures and noxious fumes. Id. at 349. The Fifth Circuit found that the "complete deprivation of toilets for scores of inmates confined in the same small area" constituted a deprivation of basic elements of hygiene. Id. at 352.

Similarly, in Burnette v. Bureau of Prisons, 277 Fed. Appx. 329 (5th Cir. 2007), the Plaintiff was forced to share a trash bag as a toilet with a mentally unstable inmate, and he could not escape the smell or leaking of the bagged sewerage in his cell because prison officials refused to allow them to remove the bagged sewerage and sealed the door with tape.

Crowley was confined to the holding cell over the weekend after officers found contraband in his dorm. Although he was not allowed to be removed from the cell to use the toilet, and his conditions were not ideal, the conditions were brief and do not rise to the level of a constitutional violation.

### D. Crowley cannot recover compensatory damages because he did not suffer a physical injury.

Even if Crowley could state a constitutional violation, he would not be entitled to recover compensatory damages. Title 42 U.S.C. § 1997e provides that prisoners are barred from recovering compensatory damages for mental or emotional injuries "unless there is a prior showing of physical injury." 42 U.S.C. § 1997e(e); Siglar v. Hightower, 112 F.3d 191, 193–94 (5th Cir. 1997); Crawford-el v. Britton, 523 U.S. 574, 596 (1998). The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. Harper v. Showers, 174 F.3d 716, 719 (5th Cir. 1999) (citing Siglar, 112 F.3d 191).

Crowley is not entitled to compensatory damages as a matter of law because he has failed to allege any physical injury. See Siglar 112 F.3d 191 (applying § 1997e(e)'s physical injury requirement to Eighth Amendment claims and holding that physical injury requirement is coextensive with Eight Amendment's physical injury

7

test); Alexander v. Tippah Cty., 351 F.3d 626, 627-31 (5th Cir. 2003) (holding that inmates exposed to build up of feces and urine in backed-up drain pipe they were forced to use was no more than a *de minimis* physical injury); Harper, 174 F.3d at 719 (applying § 1997e(e) to bar psychological damages absent allegation of more than *de minimis* physical injury in § 1983 claim alleging Eighth Amendment violation); Herman v. Holiday, 238 F.3d 660, 665–66 (5th Cir. 2001) (applying § 1997e(e) to bar recovery of money damages for emotional or mental damage absent adequate showing of physical injury in Eighth Amendment claim).

### III. Conclusion

For the forgoing reasons, IT IS RECOMMENDED that Crowley's complaint be DENIED and DISMISSED with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(b) and § 1915A.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from

the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __29th__ day of May, 2018.

                                                              _____
                                                              Joseph H.L. Perez-Montes
                                                              United States Magistrate Judge